CARRIE M. WHITE ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF PLAINVILLE ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 4—decided July 19, 1962

*Charles G. Albom,* for the appellants (defendants).

*Arnold M. Sweig,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs are the owners of property in the town of Plainville. The defendants concede that the plaintiffs are aggrieved by the action of the defendant planning and zoning commission in changing the zone of three pieces of property, owned by the individual defendants, from residence to business. The plaintiffs appealed to the Court of Common Pleas, which, concluding that the action of the commission was spot zoning, sustained the appeal. The commission as well as the individual defendants, who obtained the change of zone, have appealed.

At the outset, we are confronted by the question of the power or authority of the commission either to hear or to decide the application for the change of zone. The plaintiffs allege that the charter of the town of Plainville vests that power in the town

council, which is to act after it has submitted the proposal to the commission for its recommendation. The trial court did not decide the question. It is somewhat analogous to the matter of the jurisdiction of a court. We have repeatedly held that whenever the absence of jurisdiction of a court is brought to its attention, the matter must be decided before any further action is taken. See cases such as *Gimbel* v. *Gimbel,* 147 Conn. 561, 566, 163 A.2d 451; *Marcil* v. *A. H. Merriman & Son, Inc.,* 115 Conn. 678, 682, 163 A. 411; *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307. The trial court should have determined the question, it being basic to the issue of the validity of the change of zone. The charter of Plainville was adopted under the provisions of chapter 99 of the General Statutes, commonly referred to as the Home Rule Act. The question is one of much public interest and should be resolved to avoid possible illegal acts. If the commission lacked the power or authority to change the zone of these properties, its action was a nullity. If it was, the determination of the question would have made it unnecessary to hear the appeal on its merits.

It is not possible for us properly to review the action of the commission because, were we to decide that the trial court erred in sustaining the appeal, the result would be to reinstate the decision of the commission, the legality of which is challenged on the basis that the commission lacked the power to act in the premises. A new trial is therefore necessary.

There is error, the judgment is set aside and a new trial is ordered.