JAY AARON *v.* CONSERVATION COMMISSION OF THE TOWN OF REDDING ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 4—decision released June 26, 1979

*Robert A. Fuller,* for the appellant (plaintiff).

*Samuel M. Chambliss,* for the appellee (named defendant).

BOGDANSKI, J.  This appeal stems from the refusal of the trial  court to entertain a declaratory judgment action brought by the plaintiff.  There is no dispute as to the facts.  The defendant commission admitted the allegations of the complaint and the parties have stipulated to certain facts and exhibits as the only evidence in the case.

The plaintiff is a property owner and a builder of residential homes in the town of Redding where he owns an 11.6 acre parcel of land and certain other properties.  In 1974, the Redding conservation commission, the town's inland wetlands agency, adopted regulations which prohibited the installation of septic systems within fifty feet of a wetland or within

150 feet of a watercourse. Part of the plaintiff's 11.6 acre parcel is designated as wetland and contains two watercourses.

In 1977, the plaintiff applied for a permit to build a residential dwelling on a portion of the 11.6 acre parcel. He was denied a building permit on the ground that the location of the proposed septic system was less than 150 feet from a watercourse and was therefore in violation of the town's inland wetlands regulations. After the refusal, the plaintiff applied to the commission for an inland wetlands permit, reserving by letter his right to challenge its jurisdiction over his application. When the plaintiff subsequently brought an action for mandamus the commission issued a permit for his septic system.

The plaintiff now seeks to construct a second dwelling on the 11.6 acre parcel. Because the second septic system will be within fifty feet of a wetland and within 150 feet of a watercourse, the plaintiff will be unable to obtain a building permit until the commission has issued him a new inland wetlands permit. In this instance, however, the plaintiff has refused to apply for such a permit on the ground that the commission lacks jurisdiction over the proposed septic system. Instead he has brought a declaratory judgment action challenging the jurisdiction of the commission and attacking the validity of certain of its regulations.

In his complaint the plaintiff alleges that he resides in Redding and intends to construct other dwellings in the town, that a significant portion of the town contains wetlands and watercourses, that

the commission's enforcement of its regulations will affect him personally with respect to his contracting business and with respect to other properties owned by him, and that the enforcement will also affect other persons with property similarly situated.

The plaintiff then made the following claims: (1) activities outside of a wetland or watercourse do not require a permit from the commission and to the extent that the commission's regulations attempt to regulate such activities the regulations are illegal; (2) to the extent that the commission's definition of a watercourse includes vernal or intermittent watercourses, such definition is illegal because it is attempting to regulate something which is not a body of water and thus exceeds the scope of the authority given by the General Statutes; (3) a septic system intended for use as part of a single family residence is a use incidental to the enjoyment of residential property and does not require a permit from the commission, even if located in a wetland, and such a septic system is not subject to the jurisdiction of the commission unless it is actually polluting a wetland or a watercourse; and (4) exclusive jurisdiction over septic systems resides in the state health department and in the department of environmental protection and the commission has no authority to regulate such systems except to the extent that such systems are located within a wetland or watercourse and constitute a "regulated activity" as defined by the state statute. In his prayer for relief the plaintiff sought a declaratory judgment, and an injunction restraining the commission (1) from interfering with the construction of his proposed septic system and (2) from enforcing any section of its regulations which the court found to be invalid.

Notice of the declaratory judgment action was given to all necessary and interested parties as required by the rules of practice. Practice Book, 1978, § 390 (d). The trial court, however, declined to entertain the action on the ground that the issues the plaintiff sought to have litigated could be more appropriately resolved by applying to the commission for an inland wetlands permit and, if rejected, by taking an appeal from such denial pursuant to § 22a-43 of the General Statutes. From that judgment the plaintiff has taken this appeal claiming that the trial court erred in refusing to entertain his action and in concluding that he should be left to seek redress by other forms of procedure.

The defendant commission, however, argues that when a party has a right of appeal from a decision of an administrative agency, he may not instead bring an independent action to test the very issue which the appeal was designed to test; *Country Lands, Inc.* v. *Swinnerton,* 151 Conn. 27, 33, 193 A.2d 483; and that the rules of practice permit a court to refuse to render a declaratory judgment when, in its opinion, the parties should be left to seek redress by some other form of procedure. Practice Book, 1978, § 390 (c).

Declaratory judgment proceedings are appropriate for determining rights in connection with the regulations of an administrative agency. *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 104, 291 A.2d 721; *Sage Allen Co.* v. *Wheeler,* 119 Conn. 667, 673, 179 A. 195; *Sigal* v. *Wise,* 114 Conn. 297, 301, 158 A. 891. In *Hartford Electric Light Co.* v. *Water Resources Commission,* this court commented on the difference between questions appropriate for resolution by declaratory

judgment and those more appropriately dealt with by means of administrative appeal. We there observed that declaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal. *Hartford Electric Light Co.* v. *Water Resources Commission, supra,* 104–105.

As already noted, the plaintiff alleges that the commission lacks jurisdiction over septic systems, that the regulations of the commission attempting to regulate the location of such systems are invalid, and that the plaintiff does not need to apply for a wetlands permit before installing his proposed septic system. That these claims are jurisdictional in nature and appropriate for resolution by means of declaratory judgment is apparent. It is also apparent that these claims raise issues of statutory interpretation, which the expertise of the administrative agency would be of little value in resolving. *Levitt & Sons, Inc.* v. *Division Against Discrimination,* 31 N.J. 514, 158 A.2d 177, appeal denied, 363 U.S. 418, 80 S. Ct. 1257, 4 L. Ed. 2d 1515. We note, moreover, that attacks upon the authority of an administrative agency to act are analogous to challenges to the jurisdiction of a court and that whenever a jurisdictional challenge is brought to the attention of the court that issue must be decided before further action can be taken. *White* v. *Planning & Zoning Commission,* 149 Conn. 746, 747, 183 A.2d 749.

While exhaustion of administrative remedies is generally held to be applicable to proceedings

involving judicial review of administrative agency action, there are certain exceptions to the rule. As already noted, one such exception is that resort to administrative agency procedures will not be required when the claims sought to be litigated are jurisdictional. See *Levitt & Sons, Inc.* v. *Division Against Discrimination,* supra; *Flanders Lumber & Building Supply Co.* v. *Town of Milton,* 128 Vt. 38, 258 A.2d 804; *Namro Holding Corporation* v. *City of New York,* 17 App. Div. 2d 431, 235 N.Y.S.2d 744, affirmed without opinion, 14 N.Y.2d 693, 198 N.E.2d 915.

Another exception is that exhaustion of administrative remedies will not be required when the remedies available are futile or inadequate. *Kosinski* v. *Lawlor,* 177 Conn. 420, 424, 418 A.2d 66; *State ex rel. Golembeske* v. *White,* 168 Conn. 278, 282, 362 A.2d 1354; *Bianco* v. *Darien,* 157 Conn. 548, 554–55, 254 A.2d 898. To deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief. *Columbia Pictures Corporation* v. *DeToth,* 26 Cal. 2d 753, 161 P.2d 217; *Southern Ry. Co.* v. *Order of Railway Conductors of America,* 210 S.C. 121, 41 S.E.2d 774; see also *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13–14, 37 A.2d 689.

In the present case there is some question as to whether the plaintiff's claims could properly be litigated by way of appeal because of the rule that a party who seeks some advantage under a statute or ordinance, such as a permit or a variance, is precluded from subsequently attacking the validity of the statute or ordinance. *St. John's Roman Catholic*

*Church Corporation* v. *Darien,* 149 Conn. 712, 717–18, 184 A.2d 42; *Chudnov* v. *Board of Appeals,* 113 Conn. 49, 57, 154 A. 161.

In light of the above, this court is compelled to conclude that the trial court erred in declining to assume jurisdiction on the ground that the plaintiff should be left to seek redress by other forms of procedure.

There is error, the judgment is set aside and the case remanded for further proceedings according to law.

In this opinion the other judges concurred.