DURWARD MILLER ET AL. *v*. THE EIGHTH UTILITIES
DISTRICT ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and PARSKEY, Js.

Argued November 9, 1979—decision released February 12, 1980

*John D. LaBelle,* with whom, on the brief, was *John D. LaBelle, Jr.,* for the appellants (defendants).

*John R. Fitzgerald,* with whom was *William W. Sprague,* for the appellees (plaintiffs).

COTTER, C. J. The defendants' appeal arises out of a cause of action brought by the plaintiffs[1] who seek to consolidate the Eighth Utilities District (hereinafter the district) and the town of Manchester in accordance with the procedure providing for the consolidation of two or more units of local government[2] pursuant to the Home Rule Act, §§ 7-195 through 7-201 of the General Statutes. Although requested by the plaintiffs, the defendants[3] refused to appoint, by joint resolution, a commission which, under § 7-198, was a prerequisite for further consolidation proceedings and without which the plaintiffs' effort to consolidate the town and the district was effectively thwarted. They commenced the present action seeking (1) a declaratory judgment determining that the district is a "political subdivision" within the purview of the Home Rule Act which is subject to the provisions contained therein governing the procedure for consolidation and that such a procedure is not proscribed by the town charter; (2) a mandamus directing the defendants to appoint a consolidation commission and to proceed with consolidation in accordance with the procedure delineated in §§ 7-195 through 7-201; (3) an injunction restraining and enjoining the defendants from interfering with the orderly consolidation process initiated by the plaintiffs; (4) and such other equitable relief as may be

---

[1] More than twenty parties have joined in this action as plaintiffs who are all citizens, electors, and taxpayers of the town of Manchester. Some of them reside within the defendant district.

[2] Sections 9 to 15 of the Home Rule Act, Public Acts 1957, No. 465, as amended by Public Acts 1963, No. 18, Public Acts 1971, No. 55, and Public Acts 1975, No. 75-212.

[3] Some of the defendants are members of the legislative body of the town and the others are members of the legislative body of the district.

deemed appropriate. Following a court trial, judgment was rendered in the plaintiffs' favor and the defendants have appealed from the issuance of the mandamus and the injunction.

The town of Manchester is a municipal corporation having a charter which was adopted in 1947. See 25 Spec. Acts 217, No. 193. The district is a specially chartered municipal corporation[4] existing within, but not coextensive with, the boundaries of the town. In January, 1978, a group of the plaintiffs organized themselves into a Committee for One Manchester in order to effectuate the consolidation of the district with the town. Following the consolidation procedure provided in the Home Rule Act, the plaintiffs first filed with the town clerk a copy of a petition proposing the consolidation of the district with the town; General Statutes § 7-195 (c); and then circulated the petition within the town. Within a month, the signed petition was submitted to the town clerk who verified that the requisite number of signatures appeared on the petition. General Statutes § 7-195 (c). A joint meeting of the legislative bodies of the town and of the district was scheduled to "appoint a consolidation commission of not fewer than five nor more than fifteen members." General Statutes § 7-197. At that joint meeting, however, a series of resolutions to appoint a consolidation commission were introduced but all were rejected.[5] Thereafter, the plaintiffs commenced the present action to

[4] 17 Spec. Acts 316, No. 299 (1915); 19 Spec. Acts 401, No. 337 (1923); 23 Spec. Acts 168, No. 230 (1939); 31 Spec. Acts 184, No. 200 (1963).

[5] Although each of the resolutions was adopted by the town's legislative body but rejected by the district's legislative body, the overall vote on each of the resolutions was insufficient for passage.

compel the defendants to appoint a consolidation commission as required by § 7-197 of the General Statutes and to proceed with the consolidation.

At the trial, the defendant asserted, as a special defense, that the consolidation procedure provided in the Home Rule Act is inapplicable to the town and that any consolidation involving the town and the district must be in accordance with the procedure contained in the Manchester charter. The trial court ruled that the consolidation procedure contained in the charter and in the Home Rule Act are alternatives and that the plaintiffs could elect which of those procedures to follow in their effort to consolidate the district with the town. The dispositive issue in this appeal is whether the procedure for consolidation provided in the Manchester charter is the exclusive method by which the town of Manchester may consolidate with the district.

Regarding the consolidation with the district, the Manchester charter provides that the town may "by ordinance, assume any and all of the jurisdiction, powers, duties, assets, liabilities and obligations of the district . . . provided no such ordinance shall become effective until said District, in a meeting duly called for that purpose, shall have voted to accept its provisions." See §§ 10-10 and 10-11 of the Manchester charter. The failure of either the town or the district to independently adopt a consolidation ordinance would prevent the consolidation. In contrast, the procedure set out in the Home Rule Act which the plaintiffs utilized[6]

[6] Section 7-195 of the General Statutes provides two alternative methods for initiating consolidation proceedings: (1) the adoption by the legislative authority of either the town or the district of a proposal for consolidation or (2) by petition of the residents of the town. The plaintiffs chose to proceed according to the latter method.

requires the submission of the consolidation ordinance, adopted by the consolidation commission, to a vote of the electors of the entire town which includes those persons living within the district. Such a consolidation ordinance would become effective if approved by a majority of the electors at that referendum. General Statutes § 7-199. Under the procedure provided in §§ 7-195 through 7-201, the consolidation could be approved even though a majority of the district residents voted against it. It is clear then that the procedure by which consolidation must be effected could determine whether consolidation will occur at all.

"In determining whether the provisions of a general statute or those of a special law prevail, the general rule is that a special and local statute, providing for a particular case or class of cases, is not affected by a statute general in its terms, broad enough to include cases embraced in a special law, unless the intent to repeal or alter is manifest. *East Haven* v. *New Haven,* 159 Conn. 453, 468, 271 A.2d 110; *Wallen* v. *Hatch,* 82 Conn. 122, 124, 72 A. 575." *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District,* 160 Conn. 446, 454-55, 280 A.2d 344. See also *Caulfield* v. *Noble,* 178 Conn. 81, 420 A.2d 1160; *Larke* v. *Morrissey,* 155 Conn. 163, 230 A.2d 562; *Wallingford* v. *Board of Education,* 152 Conn. 568, 210 A.2d 446. It is clear from the language of § 7-192 of the General Statutes, which provides that "[a]ll charters and special acts in effect on May 29, 1957, shall continue in effect until repealed, superseded or amended by the adoption of a charter, charter revision or amendment in accordance with this chapter," that the legislature did not intend to repeal, limit or modify any provision of the Manchester town charter. It

is also significant to note as a rule of statutory construction that the legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them. *Mack* v. *Saars,* 150 Conn. 290, 298, 188 A.2d 863. Furthermore, where the town charter prescribes a particular procedure by which a specific act is to be done or a power is to be performed, that procedure must be followed for the act to be lawful; *Walker* v. *Jankura,* 162 Conn. 482, 489–90, 294 A.2d 536; *State ex rel. Sloane* v. *Reidy,* 152 Conn. 419, 423, 425, 209 A.2d 674; *White* v. *Planning & Zoning Commission,* 149 Conn. 746, 747, 183 A.2d 749; *Food, Beverage & Express Drivers Local Union* v. *Shelton,* 147 Conn. 401, 161 A.2d 587; 56 Am. Jur. 2d, Municipal Corporation § 226; and "[w]here the charter of a municipality provides that action of the legislative body shall be by ordinance or resolution, it must act in the manner prescribed." *Burke* v. *Board of Representatives,* 148 Conn. 33, 42, 166 A.2d 849. Since the charter does not provide that the procedure in the Home Rule Act is an alternative method of consolidation, there must be compliance with the charter provisions. See *Rocky Hill Convalescent Hospital, Inc.* v. *Metropolitan District,* supra.

The plaintiffs contend that unless the Home Rule Act and the charter consolidation provisions are viewed as alternatives, there could be no consolidation of the district with the town, which is a result, they contend, that was not intended by the legislature. Since the district charter does not contain provisions regarding consolidation, the plaintiffs read § 7-324 of the General Statutes, which provides in pertinent part that "any such district may be dissolved or consolidated with the government of any

town, city or borough of which it is a part in accordance with the provisions of the general statutes," to mean that the district may consolidate only in accordance with the procedures contained in §§ 7-195 through 7-201. If the town were permitted to consolidate only in accordance with its charter, the plaintiffs argue, then, since the two statutes conflict, there could never be a consolidation of the district with the town. We do not agree that § 7-324 of the General Statutes authorizes the district to consolidate with the town only in the manner provided in the Home Rule Act. The reference in § 7-324 to "the provisions of the general statutes" includes § 7-192 which, as we have already determined, provides that the charter provisions prevail over the provisions in the Home Rule Act relating to consolidation so that the district, under the foregoing provisions, would be authorized to consolidate with the town in accordance with the charter procedure. Given the clear mandate of § 7-192, we conclude that the charter provisions regarding consolidation prevail over the parallel provisions contained in the Home Rule Act and thus must be complied with in order to effect the consolidation of the district with the town of Manchester.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.