[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TO STRIKE FIRST COUNT
Plaintiff brings this action by amended complaint in three counts. In the first count it seeks specific performance of a contract for the purchase of real property. Defendants move to strike that count because it "fails to state a cause of action against the defendant [sic]" for specific performance.[1]
FACTS AND ALLEGATIONS
The contract in question is for the purchase of real property and was executed April 1, 1989.
Plaintiff is the seller and defendants are the buyers. The date for performance of the contract was October 1, 1989. Time was not of the essence. Recordation is not found. This action was brought February 20, 1991.
At all times since October 1, 1989, the plaintiff has been ready, willing and able to complete its part of the contract. Defendants made repeated assurances right down to commencement of this action that they would buy the property. Defendants have not bought the property.
Defendants rely solely upon the limitations on the survival of interests in real property agreements as expressed in C.G.S. 47-33a to support their motion. That statute reads as follows:
 (a) No interest in real property existing under an executory agreement for the sale of real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the CT Page 9025 date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by Section 52-325.
 (b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not otherwise be extended, whether because of death, disability or absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.
 (c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced.
This is a common-law action in equity and not brought "pursuant to" C.G.S. 47-33a. Cf discussion in L.G. DeFelice Son, Inc. v. Town of Wethersfield, 167 Conn. 509.
Although C.G.S. 47-33a(c) would clearly limit claims for specific performance it may not apply in cases where the defendant "may be estopped by his conduct from asserting defenses such as the statute of limitations." Morris v. Costa, 179 Conn. 592, 599.
The court naturally does not know if defendants will be estopped by facts found at trial but there are allegations in the complaint which might support a finding of estoppel.
Motion denied.
N. O'Neill. J.