[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Claudia Clancy (hereafter "Clancy"), filed a two count complaint seeking both a declaratory judgment and damages arising out of a salary dispute with the Newtown Board of Education (hereafter "Board") and the Newtown Federation of Teachers (hereafter "NFT"). The first count was brought against the Board and alleges that as a teacher within the Newtown school system, Clancy is an employee of the Board and a member of the NFT. She alleges that the NFT is the exclusive bargaining representative with respect to collective bargaining agreements for all certified professional employees of the Board. The allegations continue that as a result of collective bargaining negotiations, the NFT, acting on behalf of the teachers and the Board, entered into two separate series of collective bargaining agreements. The first of these applied to the 1989-90 through 1991-92 school years, and the second the 1992-93 through 1994-95 school years. She was hired during the summer of 1989 for the 1989-1990 school year, and has been employed by the Board in each subsequent year, including the 1993-94 school year.
Clancy earned a Master's degree in August of 1993. Her salary, in accordance with that degree, was in "step eleven (11)" of the Master's scale for the 1993-94 school year. She, however, contends that she is entitled to a salary based on "step thirteen (13)" of the Master's scale. To bring her opinion into focus with the Board's, she filed a grievance as to step placement and salary under the 1991 collective bargaining agreement. The grievance progressed pursuant to the requirements of the CT Page 5961 grievance procedure under the union contract to "level three (3)," and the Board denied the grievance. Clancy asserts that the Board, by denying the grievance, has failed to recognize her rights under the said agreement and has failed to pay her the salary to which she is entitled. The action of the Board, she claims, constitutes a violation of the collective bargaining agreements.
The second count was framed against both the Board and the NFT. It incorporates the allegations of the first count and requests declaratory relief contending that there are substantial questions and issues in dispute as to the legal relationships of the parties. NFT has filed a motion to dismiss the complaint on the grounds that: (1) the plaintiff has failed to exhaust her administrative remedies, and (2) the determination which Clancy seeks from the Superior Court is solely within the exclusive jurisdiction of the grievance process under the collective bargaining agreement.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizkav. Water Pollution Control Authority, 195 Conn. 682, 687. "When all persons having an interest in the subject matter of the complaint are parties or have reasonable notice of the action; [citations omitted]; the Superior Court has subject matter jurisdiction in any action or proceeding to declare rights and other legal relations on request for such a declaration whether or not further relief is or could be claimed. [Citations omitted.]. . . . Thus, the Superior Court has subject matter jurisdiction over suits for declaratory relief. . . ." England v.Coventry, 183 Conn. 362, 364.
Section 7.1.1 of the collective bargaining agreement defines a "grievance," in part, as "a claim based upon the interpretation, meaning or application of any of the provisions of this Agreement. . . ." Section 7.3.5.1 states, in part, that "[i]f a grievance is not settled at Levels One, Two or Three, the Federation may submit the grievance to final and binding arbitration before an arbitrator . . . provided that, such submission is made within ten (10) days after the decision was rendered or should have been rendered at Level Three. . . ." Section 7.8 of the agreement further provides, in part, that "[i]f the grievant fails at any level to appeal a grievance to the next level within the specified time limits, the grievance shall be deemed waived. . . ." CT Page 5962
In its supporting memorandum of law, NFT argues that under the collective bargaining agreement, Clancy's salary dispute falls within the definition of "grievance" as set forth in section 7.1.1. It maintains that the salary dispute can only be resolved under that agreement's grievance procedure. It continues by arguing that Clancy followed the agreement's grievance procedure through level three. However, she was afforded an opportunity to proceed to the fourth and final level of the grievance procedure, and elected not to do so. In lieu of that contractual right, she instituted the present action. NFT postulates that her grievance is now waived as a result of her failure to exhaust her administrative remedies. It concludes that her complaint must now be dismissed. In her opposition memorandum, Clancy maintains that level four arbitration was not available to her. Therefore, she concludes that by proceeding through level three of the grievance process, she has exhausted her contractual remedies and should not be precluded from resorting to the Superior Court for a remedy.
In Wierzbinski v. Groton Board of Education, Superior Court, Judicial District of New London at New London, No. 515676 (May 20, 1993, Hurley, J.), the plaintiff applied for the position of an art instructor at the high school level. After not being offered the position, she began grievance procedures against the Board of Education through her union. She alleged that her union failed to pursue her grievance through arbitration against the Board of Education. The defendants jointly filed a motion to dismiss the plaintiff's two count complaint on the ground that she failed to pursue her grievance through the four-step procedure set forth in the collective bargaining agreement before initiating an action in the court.Wierzbinski argued that she was entitled to abandon the grievance procedure, citing the union's inaction in bringing her grievance before the Board of Education.
In Wierzbinski, the court, in addressing the second count which asserted a cause of action for breach of the defendant union's duty of fair representation of the plaintiff, stated:
 There is no evidence on the record nor have the parties cited any cases that the plaintiff was required to exhaust any alternative remedies before bringing a suit for breach of the duty of fair representation against her union. The court has jurisdiction over the cause of action in count two of the plaintiff's complaint. . . . Therefore, the court hereby denies the defendants' motion to dismiss count two.
(Emphasis added.) Wierzbinski v. Groton Board of Education, supra.
In the instant proceeding, the court held a hearing on April 4, 1994 CT Page 5963 regarding the NFT's motion to dismiss.[1] At the hearing, Clancy admitted into evidence, inter alia, the minutes of a Newtown Federation of Teachers Executive Council meeting dated November 16, 1993, and a letter addressed to the plaintiff from the Newtown Federation of Teachers' vice-president also dated November 16, 1993. An excerpt from the minutes of the executive council meeting recites that:
 The level 3 grievance was turned down by the Board. The person wants to continue to the next level. After discussion, a motion was made by O. Gallagher to financially support this grievance at level 4. It was seconded by G. Seymour. It was then "called to question." Majority voted against. A motion was made by . . . to morally support the grievant if he/she should decide to pursue this at his/her own expense at level 4. It was seconded by O. Gallagher. . . . Council unanimously agreed and will give the grievant every support that it can, but not financial.
(Plaintiff's Exhibit No. 1, Minutes dated November 16, 1993.)
The letter authored by one Poulter, one of three vice-presidents of the NFT, addressed Clancy in part, that:
 I brought to the attention of the executive council that the grievance was turned down by the Board of Education. I related to them that you desired to continue to a Level Four procedure. I was told that the executive council would have to decide as to whether or not they would support such a move. After giving a synopsis of the events that have taken place and our interpretation of the contract, a motion was made to support the grievance financially at a Level Four procedure. A vote, by show of hands: one for, the rest against, indicated the council did not believe that this was the way to progress. A second motion was made to fully support your endeavor in a nonfinancial manner. This vote was unanimous. Claudia, if you wish to proceed, you must follow the Level Four procedure as outlined on page 5, section 7.3.5. I would also refer you to all of section 7. You have 10 days to send this in. In the back of the calendar book there are names of C.S.F.T. lawyers. . . . Whichever way you decide to go, "good luck." I regret that I could not solve this grievance for you.
(Plaintiff's Exhibit No. 2, Letter dated November 1, 1993.)
Poulter also testified at the April 4 hearing and all but corroborated the statements made in the November 16 letter. When asked whether Clancy expressed her desire to proceed to level 4 after she did not succeed at CT Page 5964 level three, Mr. Poulter replied "yes," and further testified that he brought to the Executive Council's attention Clancy's wishes to proceed to level 4. (Transcript of the April 4, 1994 hearing, p. 23.) Clancy's opposition papers contains her affidavit wherein she states that:
 The Newtown Federation of Teachers did not vote to take my grievance to Level Four-arbitration and did not inform me that it would. I was informed only that the Union would support me morally, but not financially, if I decided to proceed to Level Four. I never responded to the Union's advice because there was no choice given. The union was simply not going to pursue a Level Four arbitration on my behalf.
(Plaintiff's affidavit, dated February 14, 1994, paragraphs 4, 5, 6.)
"It is well settled that a jurisdictional prerequisite to seeking relief in a court of law is that all available administrative remedies must have been exhausted." Norwich v. Norwalk Wilbert Vault Co.,208 Conn. 1, 4. The exhaustion doctrine implicates subject matter jurisdiction and, therefore, the court must determine as a threshold matter whether the doctrine requires dismissal of a plaintiff's claim. Pet v.Department of Health Services, 207 Conn. 346, 351. "To deny declaratory relief on the ground of the existence of other remedies, it must appear that the asserted remedies are not only available but that they are speedy and adequate and as appropriate as the requested relief." Aaron v. Conservation Commission], 178 Conn. 173,179.
Clancy, as previously set forth, has brought a declaratory judgment action as against the Board and the NFT alleging that there are questions and issues in dispute with regard to the collective bargaining agreement which requires resolution. This claim is expressed in the second count of her complaint. Analogizing the facts of this case to Wierzbinski, supra, the court finds that there is no evidence on the record nor has the NFT cited any cases holding that Clancy was required to exhaust alternative remedies before bringing a declaratory relief action. NFT's failure to pursue arbitration on Clancy's behalf renders the present action for declaratory judgment more effective, convenient, and complete for her than resorting independently to the grievance procedure.
The motion to dismiss is, accordingly, denied.
Moraghan, J.