[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is a claim by the State of Connecticut against the Estate of Frances Serafin for reimbursement of public assistance payments in the amount of $130,682.20 made to Frances Serafin between April 30, 1939 and August 11, 1994. The defendant Executrix has rejected the claim and filed a special defense that under General Statutes § 17b-94 (b) the plaintiffs recovery is limited to one half of the amount which the defendant was entitled to receive from the estate of her son John P. Serafin, being administered in the West Hartford Probate Court.
The state has moved for summary judgment and filed an affidavit supporting the claim that $130,682.20 was expended for the benefit of Frances Serafin.
The underlying facts are not in dispute.
Frances Serafin died on September 8, 1994. On March 23, 1993 prior to Frances Serafin's death, her son, John P. Serafin, died intestate leaving Frances Serafin the sole beneficiary of his estate valued at approximately $60,000. The administration of John P. Serafin's estate is currently pending in the West Hartford Probate Court.
On August 11, 1995, the State filed this motion for summary judgment on the ground that its right to reimbursement of the public assistance payments is governed CT Page 1357-F solely by General Statutes § 17b-95, and not limited by § 17b-94b.
-I-
In support of its motion, the State argues that its right to reimbursement of public assistance payments, from an estate inherited by a beneficiary of aid, is established in General Statutes § 17b-93 and enforced through either General Statutes § 17b-95 or § 17b-94 (b). The State further argues, based on statutory construction and legislative history, that General Statutes §§ 17b-94 (b) and17b-95 are exclusive. Specifically, the State claims that General Statutes § 17b-94 (b) is applicable when the State is seeking reimbursement of public assistance payments from a living beneficiary of aid and that General Statutes §17b-95 is applicable when the State is seeking reimbursement from the estate of a beneficiary of aid. Therefore, the State argues that in the present case, in seeking reimbursement of public assistance payments from Frances Serafin's estate, General Statutes § 17b-95
controls. Accordingly, the State argues that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
In opposition, the Executrix does not dispute the amount of public assistance payments made but argues that because Frances Serafin was living when she received beneficial title to the inheritance from the Estate of John P. Serafin General Statutes § 17b-94 (b) automatically applies, limiting the State's reimbursement to 50 percent of the inheritance. The Executrix further argues that the language of General Statutes § 17b-94 (b), "fifty percent of the assets of the estate payable to the beneficiary . . ." indicates that the legislature envisioned a scenario where the beneficiary of aid passes away before receiving legal title to the inheritance.
-II-
The issue posed in this motion is whether the State's claim against the estate of a beneficiary of aid for reimbursement of public assistance payments from an estate inherited by the beneficiary is governed by General Statutes § 17b-94 (b) or § 17b-95. General Statutes §17b-94(b) provides in relevant part that CT Page 1357-G
 "in the case of an inheritance of an estate by a beneficiary of aid . . . fifty percent of the assets of the estate payable to the beneficiary or the amount of such assets equal to the amount of assistance paid, whichever is less, shall be assignable to the state."
 General Statutes § 17b-95 provides in relevant part that
 "upon the death of any person who has at any time been a beneficiary of aid . . . the state shall have a claim against such . . . person's estate for all amounts paid . . . for the support of . . . such person . . . for which the state has not been reimbursed, to the extent that the amount which the surviving spouse, parent or dependent children of the decedent would otherwise take from such estate is needed for their support. . . . Such claims shall have priority over all unsecured claims against such estate, except (1) expenses of last sickness not to exceed three hundred seventy-five dollars, (2) funeral and burial expenses in accordance with section 17b-84 and (3) administrative expenses, including probate fees and taxes, and including fiduciary fees."
Our Supreme Court has consistently held that if a statute is clear and ambiguous, there is no room for construction. Nicholas v. Warren, 209 Conn. 191, 196,1988). In addition, in analyzing the plain language of a statute, the terms must be interpreted according to their ordinary meaning unless their context dictates otherwise. Id. See also General Statutes § 1-1. Based on its plain language, it is clear that General Statutes § 17b-95 is applicable when the State is claiming reimbursement of public assistance payments from the estate of a beneficiary of aid, and applies to the present case.
-III-
Nevertheless it must be determined whether General Statutes § 17b-94 (b) and General Statutes § 17b-95 are CT Page 1357-H exclusive or whether General Statutes § 17b-94 (b) also applies to the present case as claimed by the defendant. It is true that where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect. Budkofsky v. Commissioner of MotorVehicles, 177 Conn. 588, 592, (1979). At the same time there is a presumption that the legislature, in enacting a law, does so with regard to existing relevant statutes so as to make one consistent body of law. State v. Murtha,179 Conn. 463, 466, (1980). Therefore, when two constructions are possible, courts will adopt that which makes the statutes effective and workable, and not one which leads to `difficult and possibly bizarre results.'"Wiegand v. Hefferman, 170 Conn. 567, 582, (1976).
A statute is to be construed by considering its legislative history, language, purpose and the circumstances surrounding its enactment. Nationwide Ins.Co. v. Gode, 187 Conn. 386, 395, (1982).
General Statutes § 17b-94 (former version at § 17-83f) and General Statutes § 17b-95 (former version at § 17-83g) were enacted in 1969. In 1985, General Statutes § 17b-94(a) (former version at § 17-83f(a)) was amended by Public Act No. 85-564 to limit the State's reimbursement of public assistance payments, in the event of a cause of action initiated by a beneficiary of aid, to 50 percent of the beneficiary's recovery. General Statutes § 17b-94 (a) provides in relevant part that "in the case of causes of action of beneficiaries of aid . . . the claim of the state shall be a lien against the proceeds therefrom in the amount of the assistance paid or fifty per cent of the proceeds received by such beneficiary . . . after payment of all expenses connected with the cause of action, whichever is less." In the legislative debate it was stated that the amendment "should result in additional dollars to the recipient and probably a greater encouragement for a recipient to bring a cause of action because they will end up getting more money under this. 28 H.R. Proc., Pt. 31, 1985 Sess., p. 11402. Similarly, General Statutes § 17b-94(b) (former version at 17-83f(b)) was amended to limit the State's reimbursement, in the event of an inheritance by a beneficiary of aid, to 50 percent "in an effort to encourage recipients to in fact CT Page 1357-I apply and take their inheritance as opposed to right now where they get nothing and actually have no incentive to seek the inheritance." Id. In addition, it was stated that the amendment "would also clarify the fact that fifty percent is after expenses." 28 S. Proc., Pt. 11, 1985 Sess., p. 3527. It can only be concluded that the words "payable to the beneficiary," as used in General Statutes § 17b-94(b), are intended to achieve this result.
In a situation where the beneficiary of public assistance payments has died, limiting the State's reimbursement to 50 percent of an inheritance would no longer be of any economic aid to the beneficiary and therefore would not serve the purpose intended by General Statutes § 17b-94(b). This court concludes that General Statutes §§ 17b-94(b) and 17b-95 are exclusive and that General Statutes § 17b-95 would be applicable upon the death of a beneficiary of aid and is the applicable statute to determine the State's reimbursement in the present case.
This conclusion is supported by State of Connecticutv. Estate of Helen China, 42 Conn. Sup. 548, (1993), where the court was presented with a similar question regarding the applicability of General Statutes § 17b-94(a), limiting the State's reimbursement to 50 percent of the proceeds received pursuant to a cause of action instituted by a beneficiary of aid, where the beneficiary of aid passes away prior to receiving the proceeds. In that case, Judge Hodgson construed the two statutes as applying different extents of recovery of state aid in two different situations: where a recipient recovers a tort recovery during his or her lifetime the recovery is authorized by 17-83e [(current version at § 17b-93))] but limited by 17-83f [(current version at § 17-94)] to one half of the net proceeds; where a recipient has died and the recovery is authorized from an estate, the state's claim for reimbursement has priority over all claims except those specifically enumerated in 17-83g [(current version at §17b-95)]. The court pointed out that if the General Assembly had, in fact, wished to retain the same incentive as to estates that it provided as to living recipients, it could have done so by making a specific provision in the statute concerned with recovery from estates . . . Its failure to do so can be reasonably read as a decision that, where the tort claimant is deceased, he or she will not CT Page 1357-J need the proceeds as compensation for the injury suffered." Id., 556.
The reasoning in the Helen China case is persuasive and applicable to this case and results in the conclusion that in the case of an inheritance by a beneficiary of aid, where the beneficiary dies prior to receiving legal title to the inheritance, General Statutes § 17b-95 applies and not § 17b-94(b). Accordingly, in the present case, the State's claim against Frances Serafin's estate is not limited to 50 percent of the estate inherited by Frances Serafin but is limited only by the specific exceptions listed in General Statutes § 17b-95. Since there is no genuine issue of material fact, the State is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for summary judgment is granted.
Wagner, J.