[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts of this case are not in dispute. The plaintiff (CIL) was in the process of renovating a residence in East Hartford to make it suitable as a community residential facility for four mentally retarded persons when, on August 25, 1999, the building inspector for the town, Mr. Vigneau, issued a "stop work order".[1] He based his order on two sections of the state building code, one of which[2] empowers him to reject an application for a building permit if it does not conform to "the requirements of all pertinent laws", and the other of which[3]
permits him to issue a stop work order "if work on any building is being prosecuted contrary to the provisions of (the building) code".
Underlying Mr. Vigneau's order is his interpretation of two statutes, neither of them provisions of the state building code. Section 8-3e(a), adopted in 1979, proscribes zoning regulations which "treat any community residence which houses six or fewer mentally retarded persons and necessary staff persons and which is licensed (by the Department of Mental Retardation (DMR)) in a manner different from any single-family residence". Section 8-3f, adopted in 1984, provides that:
 No community residence established pursuant to section 8-3e shall be established within one thousand feet of any other such community residence without the approval of the body exercising zoning powers within the municipality in which such residence is proposed to be established.
CT Page 14065 Mr. Vigneau had concluded that another community residential facility is located within 1000 feet of CIL's proposed facility, and that zoning approval was required before renovations could continue. There is a community residential facility located within 1000 feet of CIL's proposed facility, but it is not one licensed by DMR; it is one owned and operated by the Department, itself.
CIL has brought this action to enjoin the town and Mr. Vigneau from maintaining the Stop Work Order in effect and otherwise "interfering with the lawful efforts of (CIL) to develop a community residence at 41 Leverich Drive, East Hartford, Connecticut".
The defendants first moved to dismiss, claiming that CIL failed to exhaust an available administrative remedy, in the form of an appeal of the building inspector's order to the town board of appeals, pursuant to G.S. § 29-266 (b).[4] The court denied that motion because "(i)t is . . . apparent that these claims raise issues of statutory interpretation, which the expertise of the administrative agency would be of little value in resolving". Aaron v. Conservation Commission, 178 Conn. 173,178 (1979); see also Powers v. Ulichny, 185 Conn. 145, 147
(1981). See generally R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 48.9, p. 777 ("An appeal to an administrative agency is not required where the interpretation of statutes is requested."). It is obvious from the context and language of § 29-266, which is part of the State Building Code, that the expertise of the Board of Appeals is expected to be in the same areas of construction and design of buildings as that of the building inspector, himself[5], and not in the interpretation of statutes concerning mental retardation.
On the merits the defendants object to the issuance of the temporary injunction because, they claim, CIL's probability of success at the time of trial on the permanent injunction is low. See Griffin Hospital v. Commission on Hospitals and Health Care,196 Conn. 451, 457 (1985). The defendants' reading of § 8-3f
is simplicity itself; viz., that no community residence for mentally retarded persons may be located within 1000 feet of any other community residence for mentally retarded persons without the approval of the local zoning authorities.
Yet that is not what the legislature said. What the legislature said was that no "community residence establishedCT Page 14066pursuant to section 8-3e shall be established within one thousand feet of any other such community residence" without local zoning approval. Therefore, the residence sought to be established by CIL must be one "established pursuant to section 8-3e" and it must be within 1000 feet of another residence "established pursuant to section 8-3e". Neither is the case.
It seems clear from its legislative history that § 8-3e
was passed in 1979 to permit the establishment of small, privately run facilities, licensed by DMR, in areas of towns where they might otherwise be prohibited by local zoning regulations. See Opinions, Conn. Atty. Gen. No. 85-007 (January 16, 1985). It is undisputed that East Hartford has no such regulations. Therefore, it cannot be said that CIL's facility is "established pursuant to section 8-3e".
Moreover, the community residence within 1000 feet of CIL's proposed facility is not one "established pursuant to section8-3e" because it is not one licensed by DMR, an essential element of § 8-3e, but one owned and operated by the Department, itself.
It is not for the court to say what the legislature should have done in 1984 when it passed Public Act 84-517[6], which has become § 8-3f, or to speculate as to what was its intent. "(I)f the language of a statute is plain and unambiguous, (a court) need look no further than the words themselves because (the court) assume(s) that the language expresses the legislature's intent." Office of Consumer Counsel v. Dept. ofPublic Utility Control, 246 Conn. 18, 29 (1998). Nor is it for this court "by construction (to) supply omissions in a statute, or add exceptions merely because it appears to (a court) that good reasons exist for adding them". (Internal quotation marks omitted.) State v. Baker, 195 Conn. 598, 602 (1985). Finally, "a statute should be construed so that no word, phrase or clause will be rendered meaningless". (Internal quotation marks omitted.) Lundy Electronics Systems, Inc. v. Tax Commissioner,189 Conn. 690, 697 (1983). To adopt the defendants' reading of § 8-3f the court would have to ignore this canon of statutory construction.
It appears to the court that there is at least a reasonable probability of success for CIL's position at the time of trial on the merits. In addition, CIL would suffer irreparable injury if it could not complete its renovations before the cold weather CT Page 14067 interferes with or entirely frustrates its ability to do so. Finally, no adequate remedy at law appears to exist. The prospect of CIL's recovering damages in some future lawsuit is speculative at best and encourages the spawning of further litigation, a consummation devoutly to be avoided. Given all of the above, the balance of the equities favors the granting of the temporary injunction.
Accordingly, a temporary injunction is issued to the defendants and their agents, servants and employees that:
1. the Stop Work Order be withdrawn by no later than 2:00 PM, Friday, October 29, 1999;
2. they not interfere further with the completion of the community residence by CIL at 41 Leverich Drive, East Hartford, Connecticut.
The clerk of the court is directed to transmit this memorandum by facsimile to counsel for the parties by no later than 12:00 noon on Thursday, October 28, 1999.
It should be noted that the court's temporary injunction covers only the completion of renovations to the residence and not its occupancy. Further orders will await a hearing on the permanent injunction. Counsel are to consult with each other and contact the civil caseflow coordinator with a mutually agreed date, prior to November 22, 1999, for the hearing on a permanent injunction.
The requirement of a bond is waived.
BY THE COURT
Shortall