[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Hartford Square North Associates Limited Partnership (Hartford Square), appeals the decision of the defendants, City of Hartford, Zoning board of Appeals (Board), Jorge A. Simon, Corporation Counsel, and Abraham Ford, Acting Director, Department of Licenses and Inspection to deny plaintiff's application for a variance and to refuse to issue a zoning approval certificate. This court finds in favor of plaintiff.
The following facts are undisputed: On March 1, 1991, plaintiff applied to the Board for a variance of off-street loading requirements contained in 35-957 (b) of the Hartford Municipal Code, zoning ordinance. The requested variance would allow use of an existing loading dock at 10 Columbus Boulevard. A hearing on the application was held on March 19, 1991. On that date, a majority of the members of the Board voted to grant the requested variance. Thereafter, however, the corporation counsel refused to approve the Board's action. The corporation counsel's involvement was based on 35-124 (e) of the zoning ordinance. That section requires, as a condition of final approval of a variance, that the corporation counsel "endorse his opinion on the application for a variance that the application and grounds therefor meet the legal requirements for the granting of the variance." As a result, the Acting Director of Licenses and Inspection refused to issue a zoning approval certificate.
The plaintiff is the owner of the premises in question. Therefore, the court finds the plaintiff is aggrieved. Winchester Woods Associates v. Planning Zoning Commission,219 Conn. 303, 308 (1991).
Plaintiff's only challenge in this appeal is to the validity of 35-124(e) of the zoning ordinance. It argues that 35-124 (e) is an invalid delegation of authority to the office of the corporation counsel because Hartford's charter gives CT Page 6367 authority to the Board, not the corporation counsel, to act on and grant applications for variances, and only gives the corporation counsel advisory powers. Whether or not this issue is properly raised in this appeal implicates the court's subject matter jurisdiction; Cristofaro v. Burlington, 217 Conn. 103,109 (1991); and therefore, will be determined first.
"The validity or constitutionality of an ordinance or regulation should be challenged in a declaratory judgment action." Id. A "`general attack upon land use regulations . . . should be the subject of a declaratory judgment action rather than an appeal from the denial of an application submitted pursuant to those regulations.'" Bombero v. Planning Zoning Commission, 218 Conn. 737, 742 (1991), quoting Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 563
(1989). "It is of no moment that not all of the bases of the . . . challenges to the regulation [are] constitutional." Id., 744; Cristofaro v. Planning Zoning Commission, 11 Conn. App. 260,263-64 (non-constitutional challenge to validity of subdivision regulation should have been made in declaratory judgment action rather than in appeal from denial of subdivision application).
"The rationale for this procedural requirement is that `[t]he validity of the regulations is a question in which many property owners, in addition to the plaintiffs, may have an interest, and an opportunity for such persons to intervene should be afforded before any such determination should be made.'" Bombero, 218 Conn. at 742, quoting Cioffoletti,209 Conn. at 563; see also Bierman, 185 Conn. at 140; Cristofaro v. Planning Zoning Commission, 11 Conn. App. at 262-63. "The rule works a salutory effect in a case . . . where the zoning regulations are attacked per se . . . and not as applied." Bierman, 185 Conn. at 140 (citations omitted). To permit such an attack "`could seriously affect the rights of other property owners in the community, as well as undercut local governmental zoning authority.'" Cristofaro v. Planning Zoning Commission,11 Conn. App. at 262, quoting Bierman, 185 Conn. at 140.
"This does not mean, however, that whenever a party wishes to challenge the validity of a local land use regulation, he must do so by a declaratory judgment action. There are many instances where, because of the procedural posture of the case, he may have no practical choice but to raise his challenge in the context of an appeal." Bombero, 218 Conn. at 745. Furthermore, Connecticut courts "have not always been consistent in requiring a declaratory judgment action as the method by which to challenge the validity of zoning or planning regulations" (citation omitted) and the proper inquiry is whether or not "the rationales behind the requirement of a CT Page 6368 declaratory judgment action apply to the [plaintiff's] claims in this case." Id., 744.
In the instant case, plaintiff challenges an ordinance which does not alter the standards which an applicant must satisfy to obtain a variance. The ordinance does not state the type of hardship which an applicant must prove, nor does it contain legal requirements above and beyond those specifically set out in the zoning ordinance or the charter as necessary to obtain a variance. It simply requires that before a variance may be granted, the corporation counsel, in addition to the Board, must conclude that the application satisfies those legal requirements. Therefore, the court concludes that the invalidation of the challenged ordinance would not "`seriously affect the rights of other property owners'"; Cristofaro v. Planning Zoning Commission, 11 Conn. App. at 262; because it would not affect the status of variances already issued or change the criteria by which variances are to be granted. The plaintiff's challenge to the validity of 35-124 (e) of the zoning ordinance, may, therefore, be appropriately raised in this appeal.
The merits of plaintiff's claim involve the interpretation of Hartford's charter with respect to its zoning ordinance. Chapter XIX of the charter is entitled "Planning and Zoning." Sections 10 and 11 of chapter XIX give the Board authority to vary the provisions of the zoning ordinance as follows:
Sec. 10. Appeals to the zoning board of appeals.
 Any person or persons severally or jointly aggrieved by any order, requirement or decision of an administrative official in the enforcement of any ordinance adopted pursuant to the provisions of this chapter may appeal to the zoning board of appeals . . . . The board may reverse or affirm, wholly or partly, or may modify the order, requirement or decision appealed from, . . . . If there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance. . . . the board shall have authority . . . to vary or modify the application, either permanently or for a specified length of time, of any of the provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land, so that the spirit of such ordinance shall be observed, public safety and welfare secured and substantial justice done.
(Sp. Laws 1947, Act No. 30, Ch. XVIII, 10; Ord. CT Page 6369 No. 28-67, 11-7-67)
Sec. 11. Power to modify regulations.
 (The zoning board of appeals may). . . determine and vary in harmony with their general purposes and intent the application of the regulations established by any ordinance enacted under the authority of the provisions of this chapter in such specific cases as may be listed therein but only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done.
 (Sp. Laws 1947, Act. No. 30, Ch. XVIII, 11; Ord. No. 28-67, 11-7-67)
Nowhere in chapter XIX of the charter is the corporation counsel given authority to review applications for variances and make final decisions concerning them. Nor is there a section providing for appeal from any such decision of the corporation counsel. Rather, the duties of the corporation counsel are set forth in chapter XVIII, 4 of the charter, entitled "Other City Officers and Boards." Section 4 provides:
Sec. 4. Corporation counsel.
 (a) There shall be a corporation counsel who shall be appointed by the counsel. . . . He shall be the legal advisor of the council, the city manager, and all other departments, officers, boards, commissions or agencies of the city in all matters affecting the interests of the city, and shall upon request furnish them with a written opinion on any question of law involving their respective powers and duties. He shall appeal for and protect the rights of the city in all actions, suits or proceedings brought by or against it or any of its departments, officers, boards, commissions or agencies. He shall have power, with the approval of the city manager, to appeal from orders, decisions or judgment in such cases, and, with the approval of the council, to compromise and settle any claims by or against the city. He may, in his discretion, compromise and settle bonds. . . .
CT Page 6370
As indicated by the foregoing excerpt, Chapter XVIII, 4, of the charter only gives the corporation counsel the power to act as "legal advisor" to the Board. The charter does not give the corporation counsel any decision-making authority. As to the zoning ordinance, 35-124 (a)(2) delineates with more specificity than the charter the circumstances which must exist and the findings which the Board must make before it may grant a variance. However, that provision of the ordinance does not alter or conflict with the above cited charter provisions concerning variances, which require a showing of difficulty or unreasonable hardship and preservation of the spirit of the ordinance, before the Board may grant a variance. In contrast, 35-124 (e) of the zoning ordinance, rather than addressing the findings which the Board must make before granting a variance, requires the corporation counsel to determine that all legal requirements for the granting of a variance have been met.
At issue in this case, therefore, is whether the ordinance granting Hartford's corporation counsel the power to prohibit the issuance of a variance impermissibly conflicts with the city's charter provisions granting variance powers only to the Zoning Board of Appeals. Such a conflict is governed by the Supreme Court's decision in Caldrello v. Planning Board,193 Conn. 387 (1984). That case involved subdivision regulations requiring planning board approval of a subdivision plan as a condition precedent to final subdivision approval by the city council. The applicable charter provisions, however, only required that the subdivision plan be "referred to the board" for "its recommendations" prior to action by the city council. The council refused to act on the plaintiff's subdivision application because the board had disapproved it. The court in Caldrello found an impermissible conflict between the regulations and the charter, interpreting the latter to require council action even if the board "recommended" rejection. It held that the conflicting subdivision regulations were void and that the council should have acted on the application. "`The power of the city to enact an ordinance depends primarily on whether the ordinance is in harmony and consistent with the power delegated to it by the state. . . . An attempt, by ordinance, to exercise a function authorized by the charter in a manner inconsistent with the provisions of the charter is ineffective and invalid. (Citation omitted).'" Id., 391. "Where the municipal charter prescribes a particular procedure by which a specific act is to be done or a power is to be performed, that procedure must be followed for the act to be lawful." Id. (citations omitted).
Analysis of the conflict in this case leads the court to conclude that the endorsement by the corporation counsel which the ordinance requires is not merely a ministerial act or the CT Page 6371 performance of an advisory function. Rather, the ordinance requires the corporation counsel to determine whether or not an application satisfies applicable legal requirements and then gives the corporation counsel the power to prohibit the issuance of a variance based on that determination. In effect, as revealed by the facts of this case, the ordinance provides the corporation counsel a veto over the Board's charter-given power to grant variances. However, the corporation counsel has no such basis of power in the charter. Therefore, in accordance with the rule in Caldrello v. Planning Board, supra, 35-124 (e) of the zoning ordinances is void to the extent it gives the corporation counsel the power to prohibit the issuance of a variance that the Board has approved. The advice of the corporation counsel may be accepted or rejected by the Board in carrying out its duties. If, as a result of the corporation counsel's opinion, the city disagreed with the Board's decision and/or believed the Board acted improperly in exercising its variance power, the city could have taken appropriate steps to appeal that decision. Chapter XIX, 12 of the charter, allows "[a]ny official charged with the enforcement of any . . . decision of [the] board [to] take an appeal to the court. . . ." The city could not, however, through its corporation counsel, unilaterally reverse the Board's action.
The plaintiff's appeal is sustained. The case is remanded to the Board for issuance of the variance in accordance with the Board's vote of March 19, 1991.
MALONEY, J.