[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to Conn. General Statutes Sec. 8-8 from the defendant Cromwell Planning and Zoning Commission's approval of plaintiff Estate of Ulia Allegretti's subdivision application, but with the condition that the open space be located in the northeast corner of the property, rather than the northwest corner, as proposed by the plaintiffs. The plaintiffs are challenging the Commission's decision concerning the designation of open space.
It is not in dispute that the plaintiffs have been at all relevant times and continue to be the owners of a parcel consisting of 12.36 acres of land on the north side of Nooks Hill Road, Cromwell, Connecticut. Further, it is not in dispute that this parcel was the subject of the Commission's decision to approve a three-lot subdivision. On August 11, 1993 the matter was argued before this court and aggrievement was found based on a stipulation of facts.
FACTS
The plaintiffs filed an application for subdivision approval with the Commission on July 27, 1992. (Return of Record, "ROR", Item #1). A public hearing was held on September 8, 1992. (ROR, Items #3, 4).
The proposed property for subdivision consisted of 12.36 acres of land on the north side of Nooks Hill Road. Pursuant to the subdivision application, the property was to be divided into three lots, each approximately one acre, with the "remaining land" consisting of 9.408 acres. (Supplemental ROR, Item #1). In addition, the plaintiffs' application plans designated 1.236 acres of land as open space in the northwest corner of the property.
At the public hearing, the Commission voted to approve the plaintiffs' subdivision application with the condition that the 1.236 acre parcel of designated open space be CT Page 8046 moved from the northwest corner of the remaining land to the northeast corner.
Notice of the Commission's decision was published in the Middletown Press on September 15, 1992. [ROR, Item #5]. The plaintiffs appealed by a citation, summons and complaint dated September 24, 1992. The plaintiffs appeal on the grounds that the subdivision regulations do not contain sufficient guidance for the Commission to require the open space to be moved, the evidence in the record did not support the Commission's decision to move the open space, and the value of the land the Commission required to be dedicated exceeds ten percent of the value of the property.[1]
SCOPE OF REVIEW
A municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity and does not function as a legislative agency. Reed v. Planning and Zoning Commission, 208 Conn. 431 (1988); Sowin Associates v. Planning and Zoning Commission, 23 Conn. App. 370 (1990). A planning commission, acting in its administrative capacity, has no discretion to disapprove of a subdivision if it conforms to the regulations. Beach v. Planning and Zoning Commission, 141 Conn. 79 (1954).
"The commission may not put an interpretative [interpretive] gloss on regulations that are clear and unambiguous." Baron v. Planning and Zoning Commission, 22 Conn. App. 255, 256 (1990). However, "the full panoply of principles of statutory construction are available to aid in the construction of local ordinances." East Lyme v. Waddington, 4 Conn. App. 252, 259
n. 2 (1985).
The regulations governing subdivisions must contain known and fixed standards which are not too general. Such regulations "must be reasonably precise in subject matter and reasonably adequate and sufficient to give both the commission and those affected by its decision notice of their rights and obligations." Sowin Associates v. Planning and Zoning Commission, supra, p. 376.
The court may grant relief on appeal only where the CT Page 8047 local authority has acted illegally, arbitrarily, or in abuse discretion. Raybestos-Manhattan, Inc. v. Planning and Zoning Commission. 186 Conn. 466, 470 (1982). The court is to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 96 (1989).
The action of the commission should be sustained if even one of the stated reasons is sufficient to support it. Goldberg v. Zoning Commission of Simsbury, 173 Conn. 23, 26
(1977). Where the zoning authority has stated the reason for decision, the court is not at liberty to probe beyond them. DeMaria v. Planning and Zoning Commission, 159 Conn. 534,541 (1970).
I. The Validity of a Subdivision Regulation in the Context of a Zoning Appeal
The plaintiffs argue that the regulatory provisions of Sec. 320 of the Cromwell Subdivision Regulations are not sufficiently specific to give those affected by it notice of their rights and obligations. The plaintiffs argue that as written, an applicant would have to read the minds of the Commission members in order to determine what to do to comply with Sec. 320. The plaintiffs argue Sec. 320 is vague and unspecific because it is not possible for an applicant to figure out what open space is "necessary" and "proper" .to satisfy the needs of the commission.
The defendant argues that it is improper to challenge the validity of a subdivision regulation in the context of a zoning appeal. The defendant argues that the plaintiffs are challenging the validity of the subdivision regulation regarding land with slopes as unspecific and vague. Such a challenge, argues the defendant, can only be done in a declaratory judgment action.
As a general rule, a party cannot seek the relief provided in an ordinance or statute and later in the same proceeding attack its constitutionality. Spero v. Zoning Board of Appeals, 217 Conn. 435, 446, 586 A.2d 290 (1991). A declaratory judgment, rather than an appeal, is the proper proceeding in which to challenge the validity or constitutionality of an ordinance or regulation. Bombero v. Planning and Zoning Commission, 218 Conn. 737, 742, 591 A.2d 390
CT Page 8048 (1991); BCBS Goshen Realty, Inc. v. Planning and Zoning Commission,22 Conn. App. 407, 410, 577 A.2d 1101 (1990).
Sec. 320 of the Cromwell Subdivision Regulations provides in part:
 Land for parks, playgrounds, recreation areas and open spaces shall be provided and reserved in each subdivision as deemed necessary and in locations deemed proper by the Commission. The land reserved shall be of such size, location, shape, topography and general character as to be useful to satisfy the needs determined by the Commission. Proper pedestrian add vehicular access shall be provided each such reservation. The reservation of land shall also conform to any plan of development pertaining to parks, playgrounds, recreation areas and open spaces. In determining the need for provision of land for parks, playgrounds, recreation areas and open spaces, the Commission shall be guided by, but not limited to, a standard of 10.0% of the land area of the subdivision and a minimum reservation of one acre, and shall take into consideration the size of the subdivision and any existing parks, playgrounds, recreation areas and open spaces in the neighborhood.
Despite the plaintiffs' argument to the contrary, the plaintiffs' attack on Sec. 320 is designed to challenge the validity and constitutionality of the regulation. The plaintiffs have argued that the regulation is vague and unspecific because an applicant does not know what open space may be "necessary" and "proper" for the purposes of obtaining subdivision approval. This is not an argument that is specific to the plaintiffs, but rather an attack on the validity of the regulation as it would apply to any applicant. The proper vehicle to challenge the validity of a regulation is by declaratory judgment and not an appeal.
Plaintiffs' reliance in Reed v. Planning and Zoning Commission, supra, is misplaced. In Reed, the plaintiffs' subdivision application was denied by the Planning and Zoning CT Page 8049 Commission because the Commission found that a town road abutting and serving the property was inadequate to provide safe access the subdivision. The court in Reed did not consider the validity of a particular regulation, but rather found that the Commission improperly based its disapproval on reasons not provided for in the regulations. Since there were no regulations that addressed problems relating to existing roads, the court in Reed held that the Commission exceeded its authority in denying the subdivision.
In this case, the plaintiffs assert that Sec. 320 is invalid because it is vague and unspecific. The plaintiffs are not alleging that the defendant based its decision on reasons not provided for in any regulation, but rather that the regulation that it based its decision on is invalid because it is vague. The decision in Reed is thus distinguishable.
Even if the court was to consider the validity of Sec. 320, our Supreme Court has upheld a similar, although not regulation in Aunt Hack Ridge Estates, Inc. v. Planning Commission, 160 Conn. 109 (1970).
Therefore, the plaintiffs' challenge to the validity of Sec. 320 is denied.
II. Whether the Record Supports the Commissions' Decision
The plaintiffs argue that nothing in the record justifies the Commission's decision to move the open space parcel to a different location than submitted in the subdivision application.
Section 320 provides that the Commission shall consider topography and suitability for recreational use in determining what land to accept as open space. The minutes from the September 8, 1992, public hearing states in part:
 "Mr. Turner suggested that the `floating' open space be moved to the northeast corner of the property. Because the area was flatter, he felt it would be more `useable' as a recreation area and also provide a bigger bargaining chip for future land swap as it was buildable land." [ROR, Item #3, p. 10]
CT Page 8050
During the public hearing, the Commission inquired into the quality of the open space parcel indicated in the applicants' subdivision proposal. When asked about the topography of the open space parcel located in the northwest corner, the engineer for the applicant, Kevin Clark, responded, "basically it's sloped here [the open space parcel]" (ROR Item #4, p. 5.) Regarding the open space, Kevin Clark also stated "To be honest with you, within reason, we'll put it just about where you want it." [ROR, Item #4, p. 5.]
According to the provisions of Sec. 320 of the Cromwell Subdivision Regulations, the land reserved for open space "shall be of such size, location, shape, topography and general character as to be useful to satisfy the needs determined by the Commission." The Commission did make an inquiry into the location, shape, topography and character of the open space parcel. The record reflects that the Commission found that the parcel on the northwest corner of the subdivision was "sloped" and that a parcel on the northeast corner would be flatter and more usable as a recreation area. As noted by one of the Commissioners, the town should not have to settle for the last, worst piece of a parcel. [ROR Item #3, p. 10]
Although detailed reasons for the modification were not listed by the Commission, the consideration of the topography and usefulness of the property were properly stated in the record and constituted a valid basis for the decision to move the open space parcel. This court may not retry the issues or substitute its judgment for that of the Commission.
Accordingly, the appeal is dismissed.