[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, M E Land Group, a general partnership, submitted a 10 lot subdivision proposal to the Newtown Planning Zoning Commission on September 19, 1996.
A public hearing was conducted on November 21, 1996 (ROR 3). The subdivision application, which was the subject of a November 21, 1996 public hearing, was the second proposal CT Page 5550 submitted concerning the property in question. A previous application had been withdrawn.
The plaintiff's 10 lot subdivision application involves a parcel consisting of 32.824 acres (Supplemental ROR 4). Nine lots front on a new road, Lafayette Trail, which intersects with Tamarack Road, and one lot shows frontage on Echo Valley Road.
Lafayette Trail ends in a cul-de-sac, and is approximately 750 feet long.
Of the 32.8 acres, 8.5 acres or 26 percent of the entire parcel is dedicated to open space. The open space is shown as a buffer on Sanford Drive and Tamarack Road, both dirt roads in this rural area of Newtown.
Prior to the public hearing, the Newtown Conservation Commission unanimously approved the plaintiff's application to conduct regulated activities on the property. (ROR 36.)
On December 19, 1996, the defendant commission voted to deny the plaintiff's subdivision application, citing two reasons as the basis of the denial: (1) the new subdivision road (Lafayette Trail) is not a through road, but ends in a cul-de-sac, contrary to the Newtown Plan of Development, and (2) the failure of the application to meet any purpose for open space articulated in the subdivision regulations or the plan of development. (Supplement ROR 2.)
The plaintiff appeals, claiming that the commission's action was arbitrary, illegal and an abuse of discretion.
At the April 23, 1998 trial, the plaintiff was permitted to supplement the return of record, pursuant to § 8-8 (k)(2) of the Connecticut General Statutes.
Additional testimony was permitted in the form of subdivision maps approved by the defendant commission prior to the denial of the plaintiff's application. All the maps show cul-de-sac layouts.
The subdivision maps were referred to in Attachment B of the plaintiff's brief. Only those subdivisions approved prior to December 19, 1996 were received, as "necessary for the equitable disposition of the appeal." General Statutes § 8(k)(2).
 AGGRIEVEMENT CT Page 5551
The property, which is the subject of the application, is owned by the M E Land Group (ROR 47), a partnership consisting of Larry B. Edwards and Thomas McGuire.
The property was acquired by deed on August 15, 1995, and has been owned by M E Land Group since that date.
A party claiming aggrievement must satisfy a twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest such as concern of all members of the community as a whole, and (2) the party must show that this specific personal and legal interest has been injuriously affected by the decision. Hall v. Planning Commission, 181 Conn. 442, 444 (1980);Primerica v. Planning Zoning Commission, 211 Conn. 85, 93
(1989).
Ownership of the property demonstrates that specific personal and legal interest in the subject matter of the decision. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987). The denial of the subdivision application, establishes that the plaintiff's personal and legal interest has been specifically and injuriously affected.
The plaintiff M E Land Group is aggrieved by the decision of the Newtown Planning Zoning Commission appealed from.
STANDARD OF REVIEW
In reviewing claims of error, a court should not substitute its judgment for that of the local zoning authority. Hall v.Planning Zoning Board, 153 Conn. 574, 577 (1966). A court may grant relief only where a local authority has acted illegally, arbitrarily or in abuse of its discretion. McCrann v. Town Plan Zoning Commission, 161 Conn. 65, 74 (1971).
If it appears that the Commission has reasonably and fairly exercised its honest judgment after a full hearing, a court must be very cautious about disturbing the decision of the local zoning authority. Young v. Wallingford Town Plan ZoningCommission, 151 Conn. 235, 245 (1963); Kutcher v. Town PlanningCommission, 138 Conn. 705, 710 (1952).
A planning commission, in passing upon a subdivision CT Page 5552 application, sits in an administrative capacity. RK DevelopmentCorporation v. Norwalk, 156 Conn. 369, 372 (1968). Its authority is limited to determining whether the subdivision plan complies with the applicable regulations. R.B. Kent Son, Inc. v.Planning Commission, 21 Conn. App. 370, 373 (1990); Reed v.Planning Zoning Commission, 208 Conn. 431, 433 (1988).
The commission has no discretion but to approved a subdivision that conforms to the regulations adopted for its guidance. Forest Construction Co. v. Planning ZoningCommission, 155 Conn. 669, 675 (1967); Gagnon v. MunicipalPlanning Commission, 10 Conn. App. 54, 58 (1987); Westport v.Norwalk, 167 Conn. 151, 157-58 (1974).
Where a commission has formally stated the reasons for its decision, a court should not go beyond that official collective statement, and should not speculate as to any other reason supporting the decision. DeMaria v. Planning Zoning Commission,159 Conn. 534, 540-41 (1970).
Here, the commission provided two reasons for the disapproval of the subdivision application. (Supplemental ROR 2.)
PROPOSED LAFAYETTE TRAIL COMPLIES WITH ALL SUBDIVISION REGULATIONS
Lafayette Trail, as shown on the subdivision map (Supplemental ROR 4), is a dead end street, within the meaning of § 4.01.410 of the Land Subdivision Regulations of the Town of Newtown, in that it is "a street the end of which is blocked from further extension by lots within the proposed subdivision."
Section 4.01.440 of the regulations provides:
 No permanent or temporary dead end street or series of dead end streets intersecting with each other shall provide the required street frontage or provide sole access to an existing street for more than 15 dwellings total.
Lafayette Trail, as proposed, serves as street frontage for nine dwellings, 60 percent of the number permitted by the regulations governing dead end streets. Furthermore, it has access to Tamarack Road, an existing street.
The defendant commission argues, however, that it is justified in rejecting the subdivision application based upon the CT Page 5553 language of the Newtown Plan of Development (Supplemental ROR 1).
Section 6.5a of the Plan of Development contains the language "through streets should be encouraged and excessive cul-de-sacs avoided." (Supplemental ROR 1, p. 36.)
Furthermore § 7.6 of the Plan of Development encourages through streets to "create alternate route selections." (Supplemental ROR 1, p. 54.)
Section 8-25 of the Connecticut General Statutes, the authority for adopting subdivision regulations by a municipal commission requires that subdivision regulations:
 [S]hall provide . . . that the proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of conservation and development as described in section 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs.
While it is true that a plan of development is controlling as to municipal improvements and the regulation of subdivisions of land; Purtill v. Town Plan Zoning Commission, 146 Conn. 570,572 (1959); Lebanon v. Woods, 153 Conn. 182, 193 (1965); Levinskyv. Zoning Commission, 144 Conn. 117, 123 (1956); the language of § 6.5a and § 7.6 of the Newtown Plan of Development is couched in general guidelines, the application of which must depend upon the specifics of a subdivision application.
The commission's reliance upon Raybestos-Manhattan, Inc. v.Planning Zoning Commission of the Town of Trumbull,186 Conn. 466 (1982) is not persuasive, given the facts of this application.
In Raybestos-Manhattan, the court was faced with a plan of development which specifically proposed extending one road in an industrial zone, to link two others. The plan of development made specific reference to the property in question, as well as the need for future roads running in an east to west direction.Raybestos-Manhattan, Inc., supra, 475.
In addition, the applicable regulations provided that cul-de-sac streets "shall not exceed 750 feet in length," and the proposed cul-de-sac was 1000 feet long. Raybestos-Manhattan, Inc., supra, 475. CT Page 5554
Here, there is no specific reference to this piece of rural light density residential property in the Newtown Plan of Development.
The cul-de-sac proposed as Lafayette Trail fully complies with the requirements of § 4.01.440 of the subdivision regulations.
The plan of development language is broad, and the plaintiff clearly demonstrated that the commission had not felt constrained by those references when approving multiple subdivisions which have included cul-de-sacs in the street layout.
No evidence was presented to the commission that a through street is necessary for emergency vehicles, despite reference to "in case of emergency" in the commission decision. (Supplemental ROR 1.)
Furthermore, traffic flow was not identified as a concern by the commission. Both dirt roads adjoining the subdivision, Sanford Road and Tamarack Road, intersect within 600 feet of the subdivision.
Because the record before the commission fails to support "emergency" concerns, and the proposed Lafayette Trail is in compliance with the subdivision regulations, the commission's disapproval of the application on this basis was arbitrary, and in abuse of its discretion.
SUBDIVISION APPLICATION COMPLIES WITH OPEN SPACE REQUIREMENTS
The defendant commission claims that the subdivision proposal fails to meet any purpose for open space as articulated in the Newtown Subdivision Regulations.
The commission points to § 4.05.200 of the land subdivision regulations, in an attempt to demonstrate that it has discretion in determining whether to accept the proposed open space, and that the open space as identified by the plaintiff does not address the purposes for open space under the subdivision regulations.
Neither argument finds support in the record, or in the language of the subdivision regulations. CT Page 5555 Section 4.05.200 of the subdivision regulations reads as follows:
 The commission may require that up to 10 percent of the total area of the proposed subdivision excluding roads be reserved as open space-parks and playgrounds as set forth in the General Statutes of Connecticut, as amended. The location and size shall be initially proposed by the subdivider, but the commission, in acting on an application, may designate a different or larger area for said open space within the limits of this section. In determining the location and size of such open space the commission shall be guided by the effect which the Applicant's proposed subdivision is going to have on the surrounding neighborhood as a result of the elimination of existing open space, and by the public need to maintain a healthful open space environment as well as by the additional needs created for parks and playgrounds attributable to the subdivision in question.
Section 8-25 of the Connecticut General Statutes specifies the powers of municipal planning commissions in adopting subdivision regulations. The power of the planning commission is limited by the terms of the statute. Smith v. Zoning Board ofAppeals, 227 Conn. 71, 82 (1993); Caldrello v. Planning Board,193 Conn. 387, 391 (1984); Reed v. Planning Zoning Commission,supra, 435-36.
Section 8-25 allows the commission to "require the provision of open spaces, parks and playgrounds when, and in places, deemed proper by the planning commission, which open spaces, parks and playgrounds shall be shown on the subdivision plan."
The plain wording of § 8-25 allows land to be set aside for open space purposes, not simply for parks and playgrounds. The statute from which the commission derives its authority controls over any contrary language in the subdivision regulations.
The plaintiff's application complies with the subdivision regulations in each of the particulars.
Acreage well in excess of the 10 percent mandated by § 4.05.200 has been set aside for open space purposes.
Although clearly given the right to designate a different or CT Page 5556 larger area for open space in its own regulations, the record reveals that no designation was made or discussed by the commission.
The Newtown Conservation Commission, the body having jurisdiction over wetlands and watercourses, approved the permit application unanimously.
No testimony was received at the hearing concerning the need for parks or playgrounds in this rural area of Newtown. The defendant commission candidly admits in its brief (p. 6) that there is no evidence in the record as to why the commission rejected the open space configuration.
The plaintiff's reference to Ulia Allegretti, et al. v.Cromwell Planning and Zoning Commission, 8 CSCR 1262 (Clifford, J.) (1993) is not instructive.
In that case, the Cromwell commission approved a subdivision plan on the condition that open space be moved from one location to another on the property affected by the subdivision.
The court found that the commission had the authority to act in that fashion. This authority is specifically contained in § 4.05.200. The defendant commission has failed to exercise that prerogative in this case, a fact which should not in any way disadvantage the plaintiff. M E Land Group.
The record fails to reveal any evidence that the subdivision application does not conform both to the subdivision regulations, and the requirements of § 8-25 of the General Statutes.
Therefore, the decision of the defendant commission, to the extent that it relies upon the alleged failure to meet the open space requirements in its subdivision regulations, is arbitrary, and constitutes an abuse of the discretion vested in the commission by law.
CONCLUSION
When, on a zoning appeal, it appears as a matter of law that there was but a single conclusion which the zoning authority could reasonably reach, the court may direct the administrative agency to do or refrain from doing what the conclusion legally requires. Executive Television v. Zoning Board of Appeals, CT Page 5557138 Conn. 452, 457 (1952); Mobil Oil Corporation v. ZoningCommission, 30 Conn. App. 816, 820 (1993).
Where, as here, a subdivision application conforms to the applicable regulations, a planning and zoning commission acting in an administrative capacity, has no discretion, but must approve the application. Beach v. Planning Zoning Commission,141 Conn. 79, 84 (1954).
The plaintiff's appeal is sustained, and the defendant commission is ordered to approve the plaintiff's subdivision application submitted on September 19, 1996, and the A-2 Survey dated September 9, 1996. (Supplemental ROR 4.)
Radcliffe, J.